UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF MICHIGAN


DENVER GOREE, #111992
        Plaintiff-Appellant

V.

MICHIGAN PAROLE BOARD
        Defendants-Appellees
_____/

Case:2:19-cv-10869
Judge: Drain, Gershwin A.
MJ: Davis, Stephanie Dawkins
Filed: 03-25-2019 At 02:42 PM
PRIS GOREE VS MICHIGAN PAROLE BOARD
(DP)


Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909

_____

Denver Goree, #111992
Plaintiff in pro. per
2500 S. Sheridan Drive
Muskegon Heights, Michigan 49444


42 U.S.C.§ 1983

## TABLE OF CONTENTS

Table of Contents...............................................i

Index of Authorities..........................................ii

Praecipe For Hearing.........................................iii

Issue 1.....................................................1-4

Issue 2.....................................................5-6

Relief Requested..............................................7

i

## INDEX OF AUTHORTIES

Exhibit A Guidelines

Exhibit B Parole Board's Executive Session

Exhibit C Commutation Score Confirmed

Exhibit D Policy Directive PD-DWA-4512

Ex Post Facto Clause Const. 1963, Art 1 Sec. 10

Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 60 L.ed 668,

99 S. ct. 2100 (1979)

Michigan Const. 1963, Art 1, Sec. 17

Public Act of 1953, Amend in 1966, effective  date July 11, 1966

United States Const. Amend 5

United States Const. Amend 6

United States Const. Amend 14

United States Ex Post Facto Clause Sec. 9 C13

Wilkinson v. Austin, 125 S.ct 2384 (2005)

Wilkinson v. Dotson, 544 U.S. 74 (2005)

Authorities:
MCLA 24.207 (K); 791.202, 791.204, 791.232, and 791.244.

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF MICHIGAN

DENVER GOREE, #111992
        Plaintiff-Appellant

V.

MICHIGAN PAROLE BOARD
        Defendants-Appellees

                                        /

U.S. District Court
Eastern District
No._____

TO: The Court Clerk
    United States District Court
    Eastern District of Michigan
    231 W. Lafayette Blvd.
    Detroit,Michigan 48226

PRAECIPE FOE HEARING

    Dear Clerk:

Please take Notice, that the enclosed material is comprised

of a Civil Complaint.  Please place this matter upon this

Honorable Court's Calendar to be heard as the business of

this Honorable Court will permit.

                            Respectfully Submitted,

                            Denver Goree

iii

## ISSUE 1

THE MICHIGAN PAROLE BOARD VIOLATED THE PLAINTIFF'S PAROLE PRO-
CEDURES AND DENIED HIM OF A PROTECTED LIBERTY INTEREST THAT
GOES CONTRARY TO THE DUE PROCESS CLAUSE OF THE MICHIGAN CONST.
1963, ART 1, SEC. 17 AND THE 5th 6th AND 14th AMENDMENT OF THE
UNITED STATES CONSTITUTION, AND EQUAL PROTECTION UNDER THE LAW.

The 5th Amendment of the United States Constitution in part
to wit:

....nor shall any person be deprived of life,
liberty or property without due process of law;

The Plaintiff asserts that he was deprived of a commutation pro-

cess during a transitional period when the Michigan Parole Board

was replaced by new members in 1992.

Prior to the change, on or about January of 1983, when the Plain-

tiff had served approximately fourteen (14) years.  The Michigan

Parole Board held an executive session and decided by a majority

vote, under attest to release the Plaintiff after the service of

twenty-two (22) years.  (See exhibit B)

When the Plaintiff was granted a confirmed commutation score of

twenty-two (22) years.  (See exhibit C)  The Parole Board had the

authority and jurisdiction under Public Act of 1953, an amended

in 1966, and the effected date took place on July 11, 1966 which

is the statue that governs MCLA 791.204, which states in part

to wit:

-1-

Sec. (4) subject to constitutional powers vested in the executive and judicial department of the state, the department shall have exclusive jurisdiction of the following (B) pardons, reprieves, commutations, and paroles.

The Policy Directive PD-DWA-4512 (See exhibit D) was implemented by the Michigan Parole Board and authorized by the statue because the parole board had exclusive jurisdiction to do so, which states in part to wit:

> "The guidelines shall be the basis for the Boards decision to refer most cases to the Governor with a recommendation for commutation".

> The parole board may at any future time revise the guidelines or grid as it deems appropriate, but any prisoner who has already entered the system and received a recommendation date under one form of the guideline may not have that date delayed by any later revision of this kind".

It is clear, that both statue and Policy are written under mandatory language, and where such language exists, a prisoner has a legitimate expectation of parole or "liberty interest" that cannot be denied without due process. Greenholtz v. Nebraska Penal Inmates, 442 U.S. at 11-12, U.S. 1, 60 L.ed 668, 99 S.ct 2100 (1979).

The Plaintiff contends that once he received a receipt from the chairman of the parole board that his commutation score was confirmed. (See exhibit C) That confirmation gave the Plaintiff a "protected liberty interest" in attaining release on parole. Greenholtz v. Nebraska. Supra.

-2-

In <u>Wilkinson v. Austin</u>, 125 S.ct 2384 (2005) The United States

Supreme court held:

> "A liberty interest protected by the Fourteenth
> Amendment Due Process Clause may arise from the
> constitution itself, by reason of guarantees
> implicit in the word "liberty" or it may arise
> from an expectation or interest created by the
> state laws or policies".

The Plaintiff would like to also emphasize that constitutional

law 254.1 clearly states:

> "Once the state imposes limitations on its own
> discretion and requires that a specific standard
> prevail for decision making it creates a liberty
> interest".

Moreover, the decision by the parole board to proceed with a

recommendation for commutation was an entitlement because the

statue was created by the legislators of the state, and imple-

mented by state actors under mandatory language.

The Plaintiff would like to stress to this Honorable Court that

if the promugated rules and procedures were violated in the

statue that governs commutations. Then clearly the Plaintiff's

Procedual Due Process were also violated by the parole board who

failed to uphold the statue.

The Plaintiff is fully aware that he doesn't have a constitutional

right to a parole.

But it is clear, that under the statue which was legal at the time it was committed, and written under mandatory language, and the decision to proceed with a recommendation for a commutation was made by the Michigan Parole Board who created the expectation of parole or "liberty interest" in the first place. Then clearly, the Plaintiff had a right to that process, but that process was abridge by the parole board.

In conclusion, it is well settle law that a prisoner is bound to the law in effect when the crime was committed.  See Wilkinson v. Dotson, 544 U.S. 74 (2005).

Therefore, and for the above reasons, and the fact that the Michigan Parole Board violated clearly established law within their own statue that governs commutations.  Then, they are responsible for depriving the Plaintiff's procedural Due Process, and a protected liberty interest that goes contrary to the Michigan Const. 1963, Art 1, sec. 17 and the 5th 6th, and 14th Amendment of the United States Constitution and equal protection under the law.

<u>ISSUE 2</u>

THE MICHIGAN PAROLE BOARD VIOLATED CLEARLY ESTABLISHED LAW SET
FORTH IN THE EX POST FACTO CLAUSE BY IMPLEMENTING NEW RULES AND
REGULATIONS TO PAROLE PROCEDURES THAT GOES CONTRARY TO BOTH
MICHIGAN CONST. 1963, ART 1, SEC. 10, AND THE UNITED STATES
CONST. SEC. 9 C13.

When the second parole board took office in 1992.  They implement-
ed a new policy that "Life Means Life" after the Plaintiff had
completed the twenty-two (22) years that was requested by the
previous parole board at their executive session.

The new rules and amendments by the second parole board violates
the ex post facto clause where such change has caused the Plain-
tiff a significant risk of increased punishment.

The Plaintiff has now served a total of fifty (50) years after
receiving multiple five (5) year flops starting from 1992 thru
2017 with no explanation other than "No Interest".

The Plaintiff firmly states that he has suffered a great deal of
hardship after expecting a different outcome from his superiors.
To be told that you're going home after the service of twenty-two
years.  Then you're still incarcerated after fifty years, goes
beyond cruel and un-usual punishment.

-5-

Now it appears that the Plaintiff is the subject of a "Double Standard" whereas, he is now expected to honor "Life Means Life" When in fact, the Policy he was previously under was disregarded, and in violation of the ex post facto clause, and equal protection under the law.

## RELIEF REQUESTED

To Sue the Michigan Parole Board in their individual capacity
in the amount of 1.5 million for violating the Plaintiff's
Due Process under <u>Wilkinson v. Dotson,</u> 544 U.S. 74 (2005).

And to proceed with a recommendation for a commutation, or
discharge the Plaintiff from custody, or whatever this
Honorable Court deems appropriate.


                            Respectfully Submitted,

                            DENVER GOREE
                            #111992

MICHIGAN DEPARTMENT OF CORRECTIONS
## COMMUTATION AND LONG TERM RELEASE GUIDELINES – HOMICIDE

CSO-452B

Prisoner's Name: __Goree, Denver__   No.: __B 111992__

Scored by: __C. Sprang__   Date: __12-26-81__   Institution: __SPSM-North__

Reviewed by Parole Board, Initials: ____   Date: ____

### PRIOR CRIMINAL HISTORY SCORE

**Juvenile History** — Totals
- None ........................................... =0
- A Juvenile Act which would be felony for Adult .......... =2
- Two or More such Acts .............. =3    **3**

**Adult Misdemeanors - Assaultive Only**
- Two or Less ............... =0
- Three or More .............. =1    **0**

**Prior Jail Terms**
- One or None ............ =0
- Two or Three ............ =1
- Four or More ............. =2    **0**

**Prior Felony Convictions**
- None ............ =0
- One ............. =1
- Two ............. =2
- Three or More ............ =3
- If any of above involved Assaultive Behavior Add +1    **1**

**Prior Prison Term** — Totals
- None ............ =0
- One ............. =2
- Two or More ............. =3    **2**

**Prior Adult Probation, CRP, or Parole Revocations**
- None ............ =0
- One or More ............. =1    **1**

**On Probation, CRP Status, or Parole at Time of Instant Offense**
- No ............ =0
- Yes ............. =1    **1**

Total History Score (0 — 15)    **8**

### OFFENSE SEVERITY SCORE

**Instant Offense Conviction**
- Manslaughter ............... =0
- Murder, Second Degree; Attempt Murder; Assault with Intent to Commit Murder.... =2
- Murder, First Degree ............... =6    **6**

**Offender's Role**
- Minor or Peripheral Role in Crime ........... =0
- Alone or Equal Partner ............. =1
- Leader, Where two or more offenders ...... =2    **1**

**Offender's Intention**
- No Intent to Kill or Injure ............ =0
- Intent to Injure Only ............. =2
- Intent to Kill ............. =3    **0**

**Torture, Sexual Assault or Sadism Inflicted**
- No ............ =0
- Yes ............. =3    **0**

**Professional/Organized Crime, or Hired Killing**
- No ............ =0
- Yes ............. =4    **0**

**Number of Victims**
- One ............ =0
- Two ............. =2
- More than Two ............. =3    **0**

**Victim Vulnerability**
- Victim Not Unusually Vulnerable ........... =0
- Victim Unusually Vulnerable ............. =2    **0**

Total Offense Score (0 — 23)    **7**

### TOTAL HISTORY SCORE

| TOTAL OFFENSE SCORE | 0-2 | 3-5 | 6-10 | 11-15 |
|---|---|---|---|---|
| 0 | 6 years | 7 | 8 | 9 |
| 1-3 | 8 | 10 | 13 | 16 |
| 4-5 | 10 | 16 | 18 | 20 |
| 6-9 | 14 | 18 | (22) | 25 |
| 10-12 | 18 | 22 | 27 | 30 |
| 13+ | 20 | 25 | 30 | 30+ years |

Note: Exemplary institutional conduct will result in consideration one year earlier than shown above. A poor institutional record will prevent or delay consideration as indicated in Policy Directive DWA-45.12.

Term in Yrs. from Grid Above = **22**

Minimum Term Imposed by Court = **LIFE**

CHECK ONE:

☐ Grid Term is same or longer than court term so guidelines DO NOT apply.

☒ Grid Term is less than court term so guidelines DO apply (if case meets policy criteria).

MICHIGAN DEPARTMENT OF CORRECTIONS
PAROLE BOARD ACTION — EXECUTIVE SESSION

CAO-125 Rev. 4/77

| NUMBER | NAME | | DATE |
|---|---|---|---|
| B111992 | SMN Goree, Denver | I-93 | 1-21-9 |

THE PAROLE BOARD, sitting in Executive Session, has ordered the following action:

Discuss w/ file of Co-def commutation

score confirmed

I- 94/ -12-83 - 1/84

need to confirm or not confirm guidelines

Confirm Guidelines 22 yrs -

Special Instructions to Secretary:

ATTEST:

| MEMBER | |
|---|---|
| MEMBER | |
| MEMBER | |
| MEMBER | |
| MEMBER | |
| MEMBER | |
| MEMBER | |

DISSENT:

| MEMBER | |
|---|---|
| MEMBER | |
| MEMBER | |

EXECUTIVE SESSION

# MICHIGAN DEPARTMENT OF CORRECTIONS - PAROLE BOARD/NOTICE OF ACTION

CAX-114 Rev 9/76

| NUMBER 3-711992 | NAME (LAST) | OFFENSE | PREV ACTION | CONSIDERATION DATE | LOCATION |
|---|---|---|---|---|---|
| D.O.B. | Goree, Denver | | | 2/15/83 | SMNE |
| AGE: | | | | | |

| ACTION | REASON CODE | TERM (MOS) | NEXT ACTION DATE | INSTRUCT. | OFFICIAL DATE |
|---|---|---|---|---|---|
| Commutation Score Confirmed | 24 | | 12/83 | | 1/84 |

Actual release is subject to investigation and approval of the placement plan. Institutional misconduct could result in loss of parole.

Confirm guideline Score of 22 years.

BY_____Edward S. Turner, Chairman_____

**BFS COMMENTS**

**PLACEMENT**

| INST. | ASSIGNED TO: | DATE | REPORT DUE | |
|---|---|---|---|---|

Action Codes:

**SERVICE CONTINUED**
17 Board denied low risk
Judge denied low risk
Tech. viol. sustained
further demonstration
sentence delimiting
other programming
other reasons
medical reasons
effort
contact
denied
noted
record

32 Chronic recidivist
33 Judge denied
34 Protect society
35 Board denied special
36 For improved record
37 Contract suspension
38 Rescind parole
39 Suspended parole

**DISPOSITION DEFERRED**
41 Insufficient info
42 Current psychiatric report
43 Current medical report
44 Supplemental report on min.
45 Information and study
46 Further discussion

47 Investigation
48 Satisfactory placement
52 Complete program

**PAROLES & REINSTATEMENTS**
60 Reinstatement
61 Regular parole
62 Parole in custody
63 Contract full minimum
64 Special parole
65 90 day early parole
66 Contract with the 90 days
67 Reparole on same term
68 Contract special parole
69 Low risk parole
76 Conditional parole

**OTHER ACTION**
80 Low risk interview
81 Spec. consideration interview
82 Reinstatement on contract
83 Contract interview
84 RGT recommended by Warden
85 Volunteer Contract Terminee
86 Not available for hearing
87 Continued at own request
88 Contract rejected (by resident at hearing)
89 Voluntary contract termination (job furlough)
90 Rehearing - order sustained
91 Long indeterminate interview
92 Lifer law interview
93 Murder first interview

RESIDENT,    2 — INSTITUTION,    3 — PAROLE BOARD,    4 - I.P.A.,    5  CLASS. COMM.



| MICHIGAN DEPARTMENT OF CORRECTIONS **POLICY DIRECTIVE** CSO-216 Rev. 2/8 | EFFECTIVE DATE 12-14-87 | NUMBER PD-DWA-45.12 |
|---|---|---|
| | ACA STANDARDS | |

FOR INSTITUTIONAL LIBRARY

| SUBJECT GUIDELINES FOR COMMUTATION RECOMMENDATION | PAGE 1 OF 3 |
|---|---|

SUPERSEDES: PD-DWA-45.12 (1/1/81)

**APPLICATION:** All prisoners serving Murder First Degree life sentences.

**POLICY:** Commutation is a form of clemency granted by the Governor where justice calls for mitigation of sentence. Such mitigation may be warranted because of a terminal or totally disabling and irreversible medical condition, or because of extraordinary accomplishment during incarceration.

Prisoners serving for Murder in the First Degree and certain drug law violations are denied the possibility of any consideration for special parole or "Lifer Law" release. Historically, commutation has been their only avenue of release. A decision to recommend commutation rests solely with the Parole Board.

The guideline shall be the basis for the Board's decision to refer most cases to the Governor with a recommendation for commutation. The final decision as to whether commutation shall be granted on each individual case rests solely with the Governor.

Cases Covered by the Guidelines:

The guidelines cover prisoners serving life for Murder in the First Degree. Prisoners serving mandatory life sentences not subject to parole for drug law violations MCLA 333.7401 and 7403 are not covered by these guidelines. Those prisoners will be considered for possible commutation referral on a case-by-case basis.

Each prisoner serving for Murder First Degree shall have his or her guideline score computed on the basis of the offense and prior criminal record. This score shall then be applied to the commutation grid to determine the number of years to be served before commutation may be recommended.

Exception From the Guideline:

In some cases, the circumstances of the offense or the prisoner's past history may be such that a recommendation for commutation based on the guideline will not be made, because the deep and lasting impact on the community is so great that release would shock the public conscience, or because these circumstances suggest to the Board at the time of review that the

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | PAGE | OF |
|---|---|---|---|---|
| POLICY DIRECTIVE | 12-14-87 | PD-DWA-45.12 | 2 | 3 |

offender may never be safely released.  Where such cases occur, the Board will, on its first review of the guideline recommendations, give the prisoner a written statement to the effect that it does not expect to use these guidelines in making a recommendation in his or her case and will include the reasons.

Irreversible and totally disabling or terminal medical conditions may result in a recommendation of commutation in cases not yet eligible under the guideline when the Board determines that such release would not jeopardize the public safety and is in the best interest of all concerned.

Modification of Guideline Recommendations by Prison Behavior:

(1)  Extremely serious or persistent misconduct shall disqualify a prisoner from consideration under this policy.

(2)  There must have been no major misconduct guilty finding within one year of consideration for recommendation.

(3)  If at any time during the sentence for which commutation is being considered the prisoner has been found guilty of an assaultive crime by a court of law or by an administrative hearing of an assaultive act which would be a felony if prosecuted, the Board will normally use the date of that act rather than the commitment date to initiate the time period prescribed in the guidelines.

Implementation:

Procedures will be developed by the reception centers, the institutions, and the Parole Board for the scoring and review of cases.

Prisoners will be given copies of their score sheets as they are completed, but must be advised that these are subject to Parole Board review and to the modifications discussed in this policy.

Notification and Appeal:

By the effective date of this policy, the policy and the guideline score sheet and grid shall be published in the penal press of each facility or otherwise made available to all prisoners serving for First Degree Murder, this is done so they may be aware of their own probable status with respect to commutation recommendations.

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | | | |
|---|---|---|---|---|---|
| POLICY DIRECTIVE | 12-14-87 | PD-DWA-45.12 | PAGE | 3 | OF 3 |

If any prisoner feels that his or her guideline score has not been correctly computed, he or she may request an administrative hearing under R 791.3310. Disagreement with the year values inserted in the cells of the guideline grids, or with the particular items or item weights shown on the guideline score sheets, is not a basis for review.

Revision of the Guideline:

The Parole Board may at any future time revise the guidelines or grid as it deems appropriate, but any prisoner who has already entered the system and received a recommendation date under one form of the guideline may not have that date delayed by any later revision of this kind.

AUTHORITY:  MCLA 24.207(k); 791.202, .204, .232, .244.
Administrative Rule 791.7760

APPROVED:

Robert Brown, Jr., Director                         11-17-87
                                                        Date

William J. Hudson, Chairperson                   11/10/87
Michigan Parole Board                                Date

RB:gs
10/29/87

PREPARED BY:  Marvin C. May, Administrative Assistant
Michigan Parole Board

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN


DENVER GOREE, #111992
        Plaintiff-Appellant

V.

MICHIGAN PAROLE BOARD
        Defendants-Appellees
_____/

Case:2:19-cv-10869
Judge: Drain, Gershwin A.
MJ: Davis, Stephanie Dawkins
Filed: 03-25-2019 At 02:42 PM
PRIS GOREE VS MICHIGAN PAROLE BOARD
(DP)


State of Michigan  )
                   )
County of Muskegon )


## PROOF OF SERVICE


     The undersigned affirms that on March 18th, 2019, copies of
the Plaintiff-Appellant's Civil Action incorporated therein with
Exhibits was served on the following persons, by placing same in
the mail, first class postage fully prepaid, at the below ad==
dress:

1 - original and 1 copy to -    Office of the Clerk
                                United States District Court
                                Eastern District of Michigan
                                231 West Lafayette Blvd. Room 564
                                Detroit, Michigan 48226


1 - copy to - Michigan Department of Attorney General
              Corrections Division
              P.O. Box 30217
              Lansing, Michigan 48909


10 - copies to-  The Michigan Parole Board
                 Michigan Department of Corrections
                 P.O. Box 30003
                 Lansing, Michigan 48909


     Under the penalty of perjury, I declare that the statements are
true to the best of my information, knowledge and belief.


Date  March 18th, 2019                  Denver Goree
                                        #111992
                                        2500 S. Sheridan Drive
                                        Muskegon Heights, Michigan
                                                         49444



Mr. Denver Goree
#111992
2500 S. Sheridan Drive
Muskegon Heights, Michigan
49444

3/14/19

To: The Court Clerk
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, Michigan 48226

CLERK'S OFFICE
U.S. DISTRICT COURT
RECEIVED
MAR 2 5 2019

S. MARSHALL

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 19-10869 | Judge: Gershwin A. Drain | Magistrate Judge: Stephanie Dawkins Davis |
|---|---|---|

| **Name of 1ˢᵗ Listed Plaintiff/Petitioner:**<br><br>Denver Goree | **Name of 1ˢᵗ Listed Defendant/Respondent:**<br><br>Michigan Parole Board |
|---|---|
| **Inmate Number:** 111992 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>Earnest C. Brooks Correctional Facility<br><br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>MUSKEGON COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes        ☒ No
   - ➢ If yes, give the following information:

        Court: _____

        Case No: _____

        Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes        ☒ No
   - ➢ If yes, give the following information:

        Court: _____

        Case No: _____

        Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases